IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02035-GPG

AL' MAURII KHAN TRIBAL NATION, Claimant,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS,
S. CARNES, CSPD Employee Badge #957, Colorado Springs Police Department, and
E. MCBRIDE, CSPD Employee Badge #4827, Colorado Springs Police Department

    Defendants.

## ORDER OF DISMISSAL

On August 23, 2017, Chief Balun Bey of the Al' Maurii Khan Tribal Nation submitted *pro se* a document titled "For Cause and Nature of the Verified Action at Law and Stare Decisis Authority and Support for Complainant's Relief" (ECF No. 1) and an Application for Leave to Proceed Without Fee  (ECF No. 3).

On August 25, 2017, Magistrate Judge Gordon P. Gallagher determined that the submitted documents were deficient and directed Plaintiff to cure the designated deficiencies if he wished to pursue his claims in this action. (ECF No. 4).  Specifically, the Court instructed Plaintiff to submit a Complaint on the court-approved form and to either pay the filing fee or file a motion to proceed *in forma pauperis* on the court-approved form. (*Id.*)  Plaintiff was warned that if he failed to cure the deficiencies within the time allowed, the action would be dismissed without further notice. (*Id.*)

1

On September 22, 2017, the copy of Magistrate Judge Gallagher's August 25, 2017 Order to Cure Deficiencies that was mailed to Plaintiff at a post office box in Colorado Springs was returned to the Court undelivered. (ECF No. 5).  The return envelope was stamped "Return to Sender; Not Deliverable as Addressed; Unable to Forward." (*Id.*)

On September 26, 2017, Magistrate Judge Gallagher issued a Minute Order, directing the Clerk of Court to send a copy of the August 25, 2017 Order to Cure Deficiencies to Plaintiff at a possible alternate address in Kissimmee, Florida, that was listed in the case materials. (ECF No. 6).  The Minute Order informed Plaintiff that he would have thirty days from the date of the Minute Order to cure the deficiencies as directed in the Court's August 25, 2017 Order.

Plaintiff has failed to cure the deficiencies within the time allowed and he has failed to respond in any way to Magistrate Judge Gallagher's August 25, 2017 Order or September 26, 2017 Minute Order.  Therefore, the action will be dismissed without prejudice for failure to cure the deficiencies and failure to prosecute.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal, he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the action is dismissed without prejudice for failure to cure the deficiencies as directed and failure to prosecute. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  1st  day of   November  , 2017.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge